SCHOOLS
The non-tuition, no-charge provision of Section 13, House Bill 1524, Second Regular Session, Thirty-sixth Oklahoma Legislature, Ch. 94, O.S.L. 1978, "Displaced Homemakers Act" relates only to services and programs rendered through the displaced homemakers center and does not extend to other services or programs provided through separate or independent agencies or institutions such as the educational curriculum offered as part of the regular vocational education program. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under Section 13 of the "Displaced Homemakers Act", H.B. 1524, Ch. 94 O.S.L. 1978, is the non-tuition allowance applicable only to services rendered through the Displaced Homemakers Center or does such allowance extend also to educational curriculum which is part of the regular vocational education program? The recently enacted "Displaced Homemakers Act", House Bill 1524, Second Regular Session, Thirty-sixth Oklahoma Legislature Ch. 94, O.S.L. 1978, to be codified as 70 O.S. 14-113 [70-14-113] through 70 O.S. 14-123 [70-14-123] (1978), is an act primarily designed to provide economic security and employment opportunity for displaced homemakers through various individual counseling and job-training programs. Refer, 70 O.S. 14-114 [70-14-114] (1978). For eligible persons, certain services are provided directly through the pilot multi-purpose service center established pursuant to 70 O.S. 14-116 [70-14-116] (1978), this being a center set up by the State Board of Vocational and Technical Education within a suitable area vocational-technical school district possessing adequate facilities to accommodate services to be provided. The referred center is expressly required to provide certain programs and certain services for eligible displaced homemakers. in this connection, 70 O.S. 14-119 [70-14-119] (1978) provides that the center must establish a job counseling program and job training program. Also, in this connection, 70 O.S. 14-121 [70-14-121] (1978), relating to service programs, provides: "The center shall include, but not be limited to, the following service programs for displaced homemakers: "1. Money management courses, including information and assistance in dealing with insurance programs, life, health, home and car, taxes, mortgages, loans and probate problems; and "2. Educational programs, including courses offering credit through higher educational institutions or leading toward a high school equivalency degree. Support services shall be established which are designed to supplement the usual academic course offerings and training programs with classes aimed toward older persons to improve their employment capabilities." In addition to providing direct services, above referred, the Act directs center staff to assist eligible persons in pursuing and participating in other employment opportunity assistance programs. In this regard, 70 O.S. 14-120 [70-14-120] (1978) provides, in part: "The center staff and the superintendent shall also work to determine the feasibility and appropriate procedures for allowing displaced homemakers to participate in the following: various related federal, state and local programs. . . ." Section 13 of this Act sets forth the applicability of fiscal year limitations upon appropriations made to implement the Act and additionally provides: "Provided no charges or tuition shall be charged to the recipient of services or training under this act." Given the no-charge or no-tuition provision above quoted, and given the offering of direct center services and center assistance in pursuing other available and appropriate federal or state programs, you ask if this provision pertains only to the direct services and programs offered by the center, such as those contemplated within Sections 119 and 121, or, if the no-tuition provision additionally relates to participation in other programs such as regular vocational education programs offered independently by the area vocational-technical school district. Based upon the absence of specific qualifying language within Section 13 of the Act, addressing the distinction raised by your question, reference must be made to a consideration of this section in conjunction with the entire Act in order to ascertain legislative intent and purpose as relates to this issue. Haines v. State, Okl. Cr., 275 P.2d 347
(1954); Davis v. State, Okl. Cr., 300 P.2d 1000 (1956) . The language under consideration provides that there may be no "charges or tuition" to those who are "recipient of services or training under this Act." As noted, supra, the services or training one may receive through center efforts and activities may be direct services or training at the center or services or training made available through separate independent agencies or institutions with respect to which the center assists eligible persons in pursuing participation in such separate programs. Since these separate and additional programs and services are provided by other agencies and institutions and are not services provided directly by and through the center, it may be concluded that it was not the intent of the Legislature that the no-charge, no-tuition provision pertained to such other services or programs but is rather limited in application to those services and programs provided directly by the multi-purpose service center for displaced homemakers. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The non-tuition, no-charge provision of Section 13, House Bill 1524, Second Regular Session, Thirty-sixth Oklahoma Legislature, Ch. 94, O.S.L. 1978, "Displaced Homemakers Act" relates only to services and programs rendered through the displaced homemakers center and does not extend to other services or programs provided through separate or independent agencies or institutions such as the educational curriculum offered as part of the regular vocational education program. (R. THOMAS LAY) (ksg)